**ADCOX, et al v. SHERROD, et al.**
No. 75-1054 CA (L) G.
Circuit Court, Palm Beach County.
May 3, 1977.

David Roth of Cone, Owen, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for the plaintiff.

Charles H. Damsel, Jr. of Jones, Paine & Foster, West Palm Beach for the defendants.

Edward N. Winitz of Thornton, Dougherty & Conroy, Miami, for the third party defendants.

LEWIS KAPNER, Circuit Judge.

This matter is presented upon defendants' motion for summary judgment.

This is a malpractice action. Defendants have filed affidavits from doctors to the effect that they have reviewed the medical records and other facts about this case and that they are of the opinion that defendants were not negligent.

Plaintiff has presented no opposing affidavits.

The burden of establishing that there is no genuine issue of fact is upon the movant. It is not enough for him to simply present affidavits that he should prevail in the action because his burden on a motion for summary judgment is greater than is a party's burden at the time of the trial. Visingardi v. Tirone, 193 S.2d 601, 604 (Fla. 1966). He must show conclusively that, based upon the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, no genuine issue of fact exists and that he is entitled to a judgment as a matter of law. No burden rests upon the non-moving party unless or until the movant meets his burden. Croft v. York, 244 S.2d 161 (Fla. 1 DCA 1971). Therefore, affidavits, to be sufficient, must establish not only that in the affiant's opinion the movant should prevail but that upon examination of all the pleadings, depositions, answers to interrogatories, admissions and affidavits on file there is no reasonable doubt that the movant should prevail. This is particularly true where, as here, the claim is one of negligence and it relies upon the testimony of expert witnesses. Holl v. Talcott, 191 S.2d 40 (Fla. 1966). Expert testimony, even though uncontroverted, is not binding upon the court. Behm v. Fla. D. O. T. (Fla. 4DCA 1974).

Judged by this criteria, the motion must fail. This is not to say that summary judgments will never be granted in cases such as these. It is only to say that more is needed than affidavits setting forth opinions that the movant should prevail. To be sufficient affidavits should at least state that in the opinion of the affiant, after examining the entire file and weighing all factual inferences and doubts in favor of the non-movant, the only reasonable conclusion that could be reached is that the movant should prevail. Additionally, if the witness has previously stated opinions or facts inconsistent with the opinions stated in his affidavit he should, in his affidavit, specifically resolve that inconsistency so as to demonstrate the absence of any genuine issue of fact.

Accordingly, it is ordered that the defendants' motion is denied without prejudice to either party to file additional affidavits within five days and to again move for a summary judgment.